Benjamin I. Whipple
1150 S. Colony Way
Palmer, Alaska 99645
907-745-1776

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| Randi J. Bassett, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Aetna, Inc. d/b/a | ) |
| Aetna Life Insurance | ) |
| Company and Aetna | ) |
| Resources LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) Case No. 3PA-19-1667 CI |

### FIRST AMENDED COMPLAINT

COMES NOW plaintiff Randi J. Bassett, through counsel, and for her complaint against defendants Aetna, Inc. d/b/a Aetna Life Insurance Company and Aetna Resources LLC, alleges on information and belief as follows:

1. Plaintiff is a resident of the State of Alaska, Third Judicial District.

2. Defendant Aetna, Inc. d/b/a Aetna Life Insurance Company is a health and life insurance corporation formed under the laws of the State of Delaware (and Connecticut), with home offices in Connecticut, and engaged in business in the State of Alaska through defendant Aetna

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

FIRST AMENDED COMPLAINT
BASS-PLE.002.wpd
3PA-19-1667 CI

1

Exhibit A
Page 1 of 4

Case 3:19-cv-00309-TMB   Document 2-1   Filed 12/06/19   Page 1 of 4

Resources LLC, a limited liability company formed under the laws of Delaware.

3. Plaintiff is an insured and beneficiary under a health insurance policy issued by defendants.

4. The policy issued by defendants provides health and/or health care insurance within the meaning of A.S. § 21.12.050. Plaintiff's property rights under that insurance policy contract constitute personal property.

5. The insurance contract between plaintiff and defendants is a contract of adhesion.

6. In the spring of 2015 Ms. Bassett fell, was injured, and was admitted to Mat-Su Regional Medical Center for treatment. Severe medical conditions beyond the fall injuries were discovered, including but not limited to undiagnosed diabetes, a near-fatal heart condition and cognitive impairment. Plaintiff was transferred to Providence Alaska Medical Center and then to Providence Extended Care and/or Providence Transitional Care for continued medical treatment.

7. Such treatment as plaintiff was provided was both reasonably related to her conditions and necessary for achieving medical improvement, and qualified for payment by defendants under the parties' health insurance policy.

8. Medical bills for plaintiff's treatment were duly presented to defendants for payment.

9. Defendants unreasonably denied health insurance payments.

10. Plaintiff appealed defendants' denial of benefits and defendants unreasonably denied these appeals.

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

FIRST AMENDED COMPLAINT
BASS-PLE.002.wpd
3PA-19-1667 CI

2

Exhibit A
Page 2 of 4

Case 3:19-cv-00309-TMB   Document 2-1   Filed 12/06/19   Page 2 of 4

11. Plaintiff's final request for appeal was unreasonably deemed untimely by defendants because she sent her timely appeal to the conflict resolution office that issued her the denial rather than the external appeals office.

12. Plaintiff alleges that defendants' motivation for cutting off her benefits and denying her appeals was simply a financial cost-saving calculation despite plaintiff's needs and qualifications under the policy.

13. Defendants' unreasonable denial of health insurance benefits, including defendants' denials of her appeals, constitute a breach of contract.

14. Defendants' unreasonable denial of health insurance benefits, including defendants' denials of her appeals, constitute a breach of the covenant of good faith and fair dealing.

15. As a direct and proximate result of defendants' denial of health insurance coverage, plaintiff has suffered financial loss and severe emotional distress.

16. Defendants' unjustified denial of plaintiff's health coverage indicates a deliberate and reckless indifference to the rights and well-being of plaintiff. Defendants are therefore liable to plaintiff on a claim for punitive damages.

17. Plaintiff's total expected damages exceed $100,000, an amount within the jurisdiction of this Court.

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

FIRST AMENDED COMPLAINT
BASS-PLE.002.wpd
3PA-19-1667 CI

WHEREFORE, plaintiff prays for relief from this Court, as follows:

1. For declaratory relief related to the coverage question of defendants' denial of health insurance benefits.

2. For compensatory damages in an amount to be determined by trial;

3. For punitive damages in an amount to be determined by trial;

4. For reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

DATED this 5th day of November 2019.

By _____
Benjamin I. Whipple
Alaska Bar # 9311096
Attorney for Plaintiff

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

FIRST AMENDED COMPLAINT
BASS-PLE.002.wpd
3PA-19-1667 CI

4

Exhibit A
Page 4 of 4

Case 3:19-cv-00309-TMB   Document 2-1   Filed 12/06/19   Page 4 of 4